UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS T. HOWARD, *Pro Se*, | ) | Case No.: 5:14 CV 2587 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MIKE DEWINE, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On November 24, 2014, *pro se* Petitioner Curtis T. Howard ("Petitioner" or "Howard") filed a Petition for Writ of Habeas Corpus ("Petition") (Pet., ECF No. 1), pursuant to 28 U.S.C. § 2254 in the above-captioned case, challenging the constitutionality of his state court conviction and sentence for one count of felonious assault. Petitioner was sentenced to eight years' imprisonment. He argues that his Petition should be granted based upon the following grounds:

    Ground One:    The trial court Erred in allowing testimony as to other acts and evidence, denying Appellant Due Process and Equal Protection under the U.S. Constitution and of Ohio.

    Ground Two:    The trial court Erred in its instructions as pertains to Other Acts and Prior Convictions, said instructions are Plain Error.

    Ground Three:    The trial court Erred when it failed to give a Jury Instruction of Aggravated Assault, an inferior offense of Felonious Assault.

(Pet. at 5-7). Pursuant to Local Rule 72.2, this court referred the case to Magistrate Judge James R. Knepp, II ("Magistrate Judge" or "Judge Knepp"), on December 23, 2014, for preparation of a Report and Recommendation ("R&R"). On March 12, 2015, Respondent Mike DeWine ("Respondent") filed a Return of Writ, arguing the following: (1) Ground One of Howard's Petition

is not cognizable; (2) Ground Two of Howard's Petition is procedurally defaulted; and (3) Ground Three of Howard's Petition is meritless and not cognizable. (ECF No. 5 at 7-19.) Howard filed a Traverse on April 28, 2015. (ECF No. 9.)

On April 6, 2016, Judge Knepp submitted an R&R, recommending that this court deny the Petition. (R&R at 15, ECF No. 10.) Specifically, Judge Knepp determined that the court should dismiss Howard's first ground for relief because he has not demonstrated that the trial court acted contrary to, or unreasonably applied, federal law when it permitted the admission of other acts evidence. (*Id.* at 11.) The Magistrate Judge further concluded that Howard failed to demonstrate that he was subjected to a fundamentally unfair process. (*Id.* at 11-12.) In denying Howard's second ground for relief as procedurally defaulted, Judge Knepp explained that the Ninth District Court of Appeals enforced the Ohio contemporaneous objection rule, Ohio Crim. R. 30(a), by analyzing the allegation of improper jury instruction regarding other acts evidence under plain error review. Thus, Judge Knepp concluded that the court of appeals's enforcement of Ohio's contemporaneous objection rule "constitute[d] an independent state ground barring federal review absent a showing of the cause for waiver and resulting prejudice," and that Howard failed to show any such cause or prejudice. (R&R at 10 (quoting *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).) With respect to Howard's third ground for relief, Judge Knepp concluded that, based on the record, the Ninth District Court of Appeals correctly concluded that the trial court did not err in declining to instruct the jury on aggravated assault, and noted that the Constitution does not require courts to instruct on lesser-included offenses in non-capital cases, such as Howard's case. (R&R at 13-14.) Accordingly, Judge Knepp determined that Howard's third ground for relief "falls beyond the authority of a habeas court." (R&R at 14.)

On April 28, 2016, Petitioner filed an Objection to the Report and Recommendation (ECF No. 12). With respect to Ground One, Howard disagrees with Judge Knepp's finding that he was not entitled to relief based on the trial court's admission of other acts evidence. According to Howard, Judge Knepp misinterpreted his argument. (Obj. at 2.) Howard claims that, properly framed, he argues that the prosecution's request to use other acts evidence "was for the expressed purpose of causing the jury to be prejudiced and/or impartial to his assertion of his affirmative defense of self defense." (*Id.*) The court is not persuaded. Petitioner points to no evidence in the record suggesting that the trial court granted the state's request to use other acts evidence for the "*expressed purpose* of causing the jury to be prejudiced," as Howard claims. (*Id.*) (emphasis added.) To the extent that Howard argues, consistent with the dissent in *State v. Howard*, 9th Dist., Summit Cty No. 26897, 2014-Ohio-1334, that the other acts evidence was offered to show that Howard acted in conformity with his character to cut people and then claim self-defense, the court agrees with the Magistrate Judge's careful reasoning set forth in the R&R on the issue. Thus, Petitioner's first objection is overruled.

Petitioner next objects to the Magistrate Judge's conclusion that his third ground for relief is not cognizable. However, Howard merely reiterates the arguments set forth in his Traverse. (*Compare* Obj. at 3-4, ECF No. 12 *with* Traverse at 11-18, ECF No. 9.) The Magistrate Judge thoroughly addressed Petitioner's arguments in the R&R, and the court finds the reasoning well-taken. Accordingly, Petitioner's second objection is overruled.

The court finds that, after careful *de novo* review of the R&R and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Knepp's R&R (ECF No. 10) in its entirety

and hereby denies Howard's Petition for Writ of Habeas Corpus (Pet., ECF No. 1). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2015).

  IT IS SO ORDERED.

                */s/ SOLOMON OLIVER, JR.*
                CHIEF JUDGE
                UNITED STATES DISTRICT COURT

May 5, 2016